Approved, SCAO | Original - Court | 2nd copy - Plaintiff
1st copy - Defendant | 3rd copy - Return

| STATE OF MICHIGAN | | |
|---|---|---|
| 17TH JUDICIAL DISTRICT | SUMMONS AND COMPLAINT | CASE NO. |
| JUDICIAL CIRCUIT | | 17-01896-CK |
| COUNTY PROBATE | | |

Court address: 180 OTTAWA N.W. STE 2400 GRAND RAPIDS, MI 49503   Court telephone no.: 616-632-5480

**Plaintiff's name(s), address(es), and telephone no(s).**
NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-4
c/o Attorney

v

**Defendant's name(s), address(es), and telephone no(s).**
DAVID CRIPES
205 DIVISION AVE S UNIT 4
GRAND RAPIDS, MI 49503

JOY M KILE
62 DAVIS LAKE RD
LAPEER, MI 48446

**Plaintiff's attorney, bar no., address, and telephone no.**
Weltman, Weinberg & Reis Co. L.P.A.
Jennifer T. Dillow, P69855
2155 BUTTERFIELD DR., SUITE 200-S
Troy, MI 48084
(248) 362-6100

MARK A. TRUSOCK
(P.38156)

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 3-1-17 | 5-31-17 | LISA POSTHUMUS LYONS |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**
Plaintiff(s) residence (include city, township, or village): 3100 PEACHTREE AND NORCROSS, GA 30071
Defendant(s) residence (include city, township, or village): DIVISION AVE S UNIT 4 GRAND RAPIDS, MI 49503
Place where action arose or business conducted: GRAND RAPIDS, MI 49503

Date: February 22, 2017
Signature of attorney/plaintiff: Jennifer T. Dillow, P69855

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)
**DEFENDANT**

| SUMMONS AND COMPLAINT |
|---|
| Case No. |

### PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of *filing* or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to *complete* service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| USA POSTMUNT2O9 LYONS | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature

Name (type or print)

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

WWR # 21327122

STATE OF MICHIGAN
IN THE 17TH JUDICIAL CIRCUIT COURT

National Collegiate Student Loan Trust 2007-4,

    Plaintiff,

v.

Case No. 2017-    -CK

David J Cripps and Joy M Kile,

    Defendants.

_____/

Weltman, Weinberg & Reis Co. L.P.A.
By:    Daniel E. Best (P58501)
        Jennifer Dillow, (P69855)
Attorneys for Plaintiff
2155 Butterfield Dr., Ste 200-S
Troy, MI 48084
(248) 362-6100
_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

NOW COMES PLAINTIFF, National Collegiate Student Loan Trust 2007-4, by its attorneys, Weltman, Weinberg & Reis Co., L.P.A. who for its Complaint states as follows:

1.     Plaintiff is a Delaware Statutory Trust;

2.     Defendant, David J Cripps, is a resident of Grand Rapids, Michigan;

3.     Defendant, Joy M Kile, is a resident of Lapeer, Michigan;

4.     The cause of action that forms the basis of this complaint occurred in Kent County, Michigan;

5.     The amount in controversy exceeds $25,000.00;

6.     Venue and jurisdiction are proper in the 17TH Judicial Circuit Court;

7. Defendants, David J Cripps and Joy M Kile, executed a Non-Negotiable Credit Agreement in July of 2007 bearing current account number XXXXXX1212-001-PHEA, a copy of which is attached hereto as **Exhibit A**, promising to repay a loan made to Defendants by JPMorgan Chase Bank, N.A. which was subsequently assigned to Plaintiff, National Collegiate Student Loan Trust 2007-4 (See attached **Exhibit B**);

8. Defendants David J Cripps and Joy M Kile, have defaulted on the terms of the Non-Negotiable Credit Agreement by failing to make payments as agreed;

9. Pursuant to the terms of the Non-Negotiable Credit Agreement, there is now due and owing to Plaintiff the principal sum of $34,373.20, plus accrued interest in the amount of $4,195.29;

10. Although often requested to do so, Defendants David J Cripps and Joy M Kile, have failed, refused or neglected to remit said sums to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendants, David J Cripps and Joy M Kile, in the amount of $38,568.49, plus interest and costs.

Respectfully submitted,

WELTMAN, WEINBERG & REIS CO., L.P.A.

By: Jennifer Dillow, (P69855)
Attorney for Plaintiff
2155 Butterfield Dr., Ste 200-S
Troy, MI 48084
(248) 362-6100

Date: February 22, 2017

# Exhibit A

### Cosigned – Loan Request/Credit Agreement – Signature Page

NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION

**LOAN PROGRAM INFORMATION**

Education One® Education One Undergraduate Loan     Academic Period: 08/2007-05/2008

Lender: JPMorgan Chase Bank, N.A.     School: SOUTHEASTERN UNIVERSITY

Loan Amount Requested: $20236.00     Repayment Option: Full Deferral

Deferment Period Margin: 5.75     Repayment Period Margin: 5.75     Loan Origination Fee Percentage: 8.50

**STUDENT BORROWER INFORMATION**

Borrower Name: David J Cripps     Home Address: 6058 Fish Lake North Branch, MI 48461
Social Security #: ▮▮▮▮1212     Date of Birth: ▮▮▮▮     Home Telephone: ▮▮▮▮
Mobile Telephone:     E-mail Address:
Student Citizenship (check one box):  ☒ U.S. Citizen   ☐ Eligible Non-Citizen (Attach front & back copy of CIS or student visa card)
Note: Personal reference name and address cannot match that of the Cosigner.
Personal Reference Name: ▮▮▮▮     Reference Home Tel #: ▮▮▮▮     Work Tel #:
Reference Street Address: ▮▮▮▮
Reference City/State/Zip: ▮▮▮▮

**COSIGNER INFORMATION** (Must be age of majority in state of residence – see Paragraph N of Credit Agreement)

Cosigner Name: Joy M Kile     Home Address: 6058 Fish Lake North Branch, MI 48461
Social Security #: ▮▮▮▮9785     Date of Birth: ▮▮▮▮     Home Telephone: ▮▮▮▮
Mobile Telephone:     E-mail Address:
Have you ever defaulted on a student loan or declared bankruptcy in the last 10 years?     ☒ No   ☐ Yes
Current Employer: ▮▮▮▮     Employer Telephone: ▮▮▮▮
Current Position: Other     Years There: 3 Years
Years at Previous Employment: 0 Years
Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation.
If you are relying on such additional income, please provide details on a separate sheet of paper.

Cosigner Citizenship (check one box):  ☒ U.S. Citizen   ☐ Eligible Non-Citizen (Attach front & back copy of CIS)
Note: Personal reference name and address cannot match that of the Borrower.
Personal Reference Name: ▮▮▮▮     Reference Home Tel #: ▮▮▮▮     Work Tel #:
Reference Street Address: ▮▮▮▮
Reference City/State/Zip: ▮▮▮▮

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Loan Request/Credit Agreement EO.07-08.CSX1.10DC.1106 ("Credit Agreement"). I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. This Credit Agreement is signed under seal. I understand that I am not required to fax my signature on this Credit Agreement and any related notices that require signature. If I choose to fax my signature on this Credit Agreement and any related notices that require signature, I intend: (i) my fax signature to be an electronic signature under applicable federal and state law, (ii) any fax printout of this Credit Agreement and related notices to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Credit Agreement will not be governed by Article 3 of the Uniform Commercial Code, and my obligations under this Credit Agreement will not be subject to, but any transfer of my obligations will be subject to, Article 9 of the Uniform Commercial Code. I, the Cosigner, have read the applicable cosigner notice(s).

For purposes of the following notices "you" means the Borrower and Cosigner, not the Lender.

FOR <u>ALABAMA RESIDENTS</u>: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.
FOR <u>WISCONSIN RESIDENTS</u>: NOTICE TO CUSTOMER:
(a)  DO NOT SIGN THIS CREDIT AGREEMENT BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b)  DO NOT SIGN THIS CREDIT AGREEMENT IF IT CONTAINS ANY BLANK SPACES.
(c)  YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d)  YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**PLEASE SIGN BELOW – RETURN This Page With Proof of Income and Other Information (if applicable)**
**FAX TO: 800.704.9407**

Signature of Borrower: _/s/ David Cripps/_     Date: 7/11/07

BY SIGNING THIS CREDIT AGREEMENT BELOW, I CERTIFY THAT I INTEND TO (i) APPLY FOR JOINT CREDIT AND (ii) BE JOINTLY LIABLE WITH THE BORROWER FOR THIS LOAN.

Signature of Cosigner: _/s/ Joy Kile Kurtek/_     Date: 7/11/07

EO.07-08.CSX1.10DC.1106     1 of 4
PN01_EO_07-08_CSX1_F_X_CRIPPS_A105314802.pdf     COSIGNER COPY     EOJUDP

## NOTE DISCLOSURE STATEMENT

$ __22,115.85__
__05314802__
Loan No.

Borrower(s): __DAVID J CRIPPS__
__JOY M KILE BURTCH__

Student: __DAVID J CRIPPS__
Date: __July 17, 2007__

DAVID J CRIPPS
6058 FISH LAKE
NORTH BRANCH, MI 48461 USA

Lender Name and Address:
__JPMORGAN CHASE BANK, N.A.__
__100 EAST BROAD STREET__
__COLUMBUS, OH 43125__

This disclosure statement relates to your Loan Note disbursed on __July 17, 2007__
Because your Loan is either being disbursed or entering repayment, or the repayment terms are being modified, the following information about your Loan is being given to you.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments scheduled. |
|---|---|---|---|
| 11.976 % | $ 58,647.20 | $ 20,236.00 | $ 78,883.20 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 240 | $ 328.68 | On the 30th day of each month beginning 11/2010 |
| | | |
| | | |
| | | |

**VARIABLE RATE:** The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of the loan if the index rate increases. The index is (check one):

☐ Prime Rate Index Adjusted Monthly - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal (Eastern Edition) on the last business day of each calendar month.

☐ Prime Rate Index Adjusted Quarterly - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal (Eastern Edition) on the last business day of each calendar quarter.

☐ LIBOR Index Adjusted Quarterly - The average of the one-month London Interbank Offered Rates published in the "Money Rates" section of The Wall Street Journal (Eastern Edition) on the first business day of each of the three (3) calendar months immediately preceding the first day of each calendar quarter.

☒ LIBOR Index Adjusted Monthly - The one-month London Interbank Offered Rate published in the "Money Rates" section of The Wall Street Journal (Eastern Edition) on the first business day of the preceding calendar month.

Any increase in the index and the Annual Percentage Rate which occurs while principal payments are deferred will increase the amount of any current and all future payments. Any increase in the index and the Annual Percentage Rate which occurs while principal and interest payments are deferred will increase the amount of all future payments. Any increase in the index and the Annual Percentage Rate which occurs after you have begun to make principal and interest payments on your loan will increase the amount of your future principal and interest payments beginning with your next annual payment adjustment date. For example, assume you obtain a loan in your junior year, in the amount of $10,000, at an interest rate of 11%, and you defer principal and interest payments until after your graduation, and the repayment term of the loan is 20 years. If the interest rate increased to 12% on January 1st of your senior year, the interest which accrues while principal and interest payments are deferred will increase by $91.01, and your monthly principal and interest payments would increase by $9.37.

**LATE CHARGES:** If a payment is more than 15 days late, you may be charged $5.00 or 5% of the payment, whichever is less. If you default, Lender (or any subsequent holder of your Loan Note) may increase the margin used to compute the Annual Percentage Rate by two percentage points (2%).

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

**Estimates:** All numerical disclosures except the late payment disclosure are estimates.

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, any security interest and prepayment refunds and penalties.

Principal Amount of Note (Amount Financed plus Prepaid Finance Charge)     $ __22,115.85__

Itemization of Amount Financed
Amount paid to DAVID J CRIPPS and     $ _____
Amount paid to JOY M KILE BURTCH     $ __20,236.00__
Total Amount Financed     $ __20,236.00__

Itemization of Prepaid Finance Charge
Origination Fee     $ __1,879.85__
Total Prepaid Finance Charge(s)     $ __1,879.85__

# Exhibit B

## POOL SUPPLEMENT
## JPMORGAN CHASE BANK, N.A.

This Pool Supplement (the "Supplement") is entered into pursuant to and forms a part of that certain Amended and Restated Note Purchase Agreement dated as of May 1, 2002, as amended or supplemented from the date of execution of the Agreement through the date of this Supplement (the "Agreement"), by and between The First Marblehead Corporation and JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A. (Columbus, Ohio) (the "Program Lender"). This Supplement is dated as of September 20, 2007. Capitalized terms used in this Supplement without definitions have the meanings set forth in the Agreement.

Article 1: Purchase and Sale.

In consideration of the Minimum Purchase Price, the Program Lender hereby transfers, sells, sets over and assigns to The National Collegiate Funding LLC (the "Depositor"), upon the terms and conditions set forth in the Agreement (which are incorporated herein by reference with the same force and effect as if set forth in full herein), each student loan set forth on the attached Schedule 1 (the "Transferred Bank One Loans") along with all of the Program Lender's rights under the Guaranty Agreement, and any of the Program Lender's rights in or to the certain account pledged by TERI as collateral for its obligations under the Guaranty Agreement (the "Pledged Account"), in each case specifically relating to the Transferred Bank One Loans. The Depositor in turn will sell the Transferred Bank One Loans to a Purchaser Trust. The Program Lender hereby transfers and delivers to the Depositor each Note evidencing such Transferred Bank One Loan and all Origination Records relating thereto, in accordance with the terms of the Agreement. The Depositor hereby purchases said Notes on said terms and conditions.

Article 2: Price.

The amount paid pursuant to this Supplement is the Minimum Purchase Price, as that term is defined in Section 2.05 of the Agreement.

Article 3: Representations and Warranties.

3.01. By Program Lender.

The Program Lender repeats the representations and warranties contained in Section 5.02 of the Agreement for the benefit of each of the Depositor and the Purchaser Trust and confirms the same are true and correct as of the date hereof with respect to the Agreement and to this Supplement.

3.02. By Depositor.

The Depositor hereby represents and warrants to the Program Lender that at the date of execution and delivery of this Supplement by the Depositor:

{F0013450.1}

(a) The Depositor is duly organized and validly existing as a limited liability company under the laws of the State of Delaware with the due power and authority to own its properties and to conduct its business as such properties are currently owned and such business is presently conducted, and had at all relevant times, and has, the power, authority and legal right to acquire and own the Transferred Bank One Loans.

(b) The Depositor is duly qualified to do business and has obtained all necessary licenses and approvals in all jurisdictions in which the ownership or lease of property or the conduct of its business shall require such qualifications.

(c) The Depositor has the power and authority to execute and deliver this Supplement and to carry out its respective terms; the Depositor has the power and authority to purchase the Transferred Bank One Loans and rights relating thereto as provided herein from the Program Lender, and the Depositor has duly authorized such purchase from the Program Lender by all necessary action; and the execution, delivery and performance of this Supplement has been duly authorized by the Depositor by all necessary action on the part of the Depositor.

(d) This Supplement, together with the Agreement of which this Supplement forms a part, constitutes a legal, valid and binding obligation of the Depositor, enforceable in accordance with its terms.

(e) The consummation of the transactions contemplated by the Agreement and this Supplement and the fulfillment of the terms hereof do not conflict with, result in any breach of any of the terms and provisions of, or constitute (with or without notice or lapse of time) a default under, the governing instruments of the Depositor or any indenture, agreement or other instrument to which the Depositor is a party or by which it is bound; or result in the creation or imposition of any lien upon any of its properties pursuant to the terms of any such indenture, agreement or other instrument; or violate any law or any order, rule or regulation applicable to the Depositor of any court or of any federal or state regulatory body, administrative agency or other governmental instrumentality having jurisdiction over the Depositor or its properties.

(f) There are no proceedings or investigations pending, or threatened, before any court, regulatory body, administrative agency or other governmental instrumentality having jurisdiction over the Depositor or its properties: (i) asserting the invalidity of the Agreement or this Supplement, (ii) seeking to prevent the consummation of any of the transactions contemplated by the Agreement or this Supplement, or (iii) seeking any determination or ruling that is likely to materially or adversely affect the performance by the Depositor of its obligations under, or the validity or enforceability of the Agreement or this Supplement.

Article 4: Cross Receipt.

The Program Lender hereby acknowledges receipt of the Minimum Purchase Price. The Depositor hereby acknowledges receipt of the Transferred Bank One Loans included in the Pool.

Article 5: Assignment of Origination, Guaranty and Servicing Rights.

The Program Lender hereby assigns and sets over to the Depositor any claims it may now or hereafter have under the Guaranty Agreement, the Origination Agreement and the Servicing Agreement to the extent the same relate to the Transferred Bank One Loans described in Schedule 1, other than any right to obtain servicing after the date hereof. It is the intent of this provision to vest in the Depositor any claim of the Program Lender relating to defects in origination, guaranty or servicing of the loans purchased hereunder in order to permit the Depositor to assert such claims directly and obviate any need to make the same claims against the Program Lender under this Supplement. The Program Lender also hereby assigns and sets over to the Depositor any claims it may now have or hereafter have to the Pledged Account pledged under the Guaranty Agreement and under the Deposit and Security Agreement that relate to the Transferred Bank One Loans, and the Program Lender hereby releases any security interest it may have in such Pledged Account relating to the Transferred Bank One Loans. The Program Lender hereby authorizes the Depositor, its successors and assigns, to file in any public filing office where a Uniform Commercial Code Filing with respect to collateral pledged by TERI is of record, any partial release or assignment that it deems necessary or appropriate to reflect in the public records the conveyance and assignment effected hereby.

[Remainder of page intentionally blank]

{F0013450.1 }

IN WITNESS WHEREOF, the parties have caused this Supplement to be executed as of the date set forth above.

THE FIRST MARBLEHEAD CORPORATION

By: _____
John A. Foxgrover
Senior Vice President


JPMORGAN CHASE BANK, N.A, as successor by merger to BANK ONE, N.A. (Columbus, Ohio),

By: _____
Name: JOSEPH F. SERGI
Title: VICE PRESIDENT


THE NATIONAL COLLEGIATE FUNDING LLC

By:   GATE Holdings, Inc., Member

By: _____
John A. Foxgrover
Vice President

-4-

{F0013450.1}